UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JOSE LUIS SOLORZANO, | ) | 1:08-cv-01949 YNP DLB (HC) |
| | ) | |
|        Petitioner, | ) | ORDER DENYING PETITIONER'S |
| | ) | MOTION TO STAY |
|   v. | ) | [Doc. #14] |
| | ) | |
| UNKNOWN, | ) | |
| | ) | |
|        Respondent. | ) | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Both parties have consented to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c)(1). (Docs. #12, 21)

On January 30, 2009, Petitioner filed a motion to stay his petition while additional claims are being decided in the state court. (Doc. #14). This order considers whether Petitioner's petition should be stayed until those additional claims are exhausted and the petition can be amended to include them.

**LEGAL STANDARD**

On May 5, 2009, the 9th Circuit Court of Appeals handed down King v. Ryan, 564 F.3d 1133 (9th Cir. 2009), which clearly specified two possible analyses by which to decide a motion to stay. One analysis is Rhines, where, upon a showing of good cause, a petitioner can have his entire petition stayed and placed in abeyance while he exhausts the unexhausted claims in state court. King,564 F.3d at 1135-36; see also Rhines v. Webber, 544 U.S. 269 (2005). The second analysis is

the Kelly three-step procedure. Under Kelly, a petitioner first amends his mixed petition to delete any unexhausted claims. Next the court will stay and hold in abeyance the amended, and now fully exhausted, petition while the petitioner exhausts the deleted claims in state court. Finally, the petitioner amends his stayed petition to re-attach the now fully exhausted claims that he deleted before. King, 564 F.3d at 1135; Kelly v. Small, 315 F.3d 1063, 1070-71 (9th Cir. 2002).

There are two distinct differences between Rhines and Kelly. First, Rhines stays and holds in abeyance both the exhausted and unexhausted claims where as Kelly requires the petitioner to delete the unexhausted claims and only stays and holds in abeyance the fully exhausted petition. This is an important distinction because under Kelly a petitioner would still have to amend to re-allege his deleted claims within the original one year statue of limitation set forth by the Anti-Terrorism and Effective Death Penalty Act of 1996. King, 564 F.3d at 1138-39; 28 U.S.C. § 2244(d)(1). In other words, the statute of limitations may run on the dismissed claims while the petitioner proceeds in state court. A Rhines petitioner, however, would not have to worry about the statute of limitation because his unexhausted claims would not have left federal court. King, 564 F.3d at 1139, 1140 (citing Rhines, 544 U.S. at 277).

The second difference between the two analyses is that Rhines requires a showing of good cause, while Kelly does not. King, 564 F.3d at 1140. Even though Kelly does not require a showing of good cause, the Court was clear that the "district courts retain the same degree of discretion they had before Rhines to implement the Kelly procedure..." King, 564 F.3d at 1141.

**DISCUSSION**

Petitioner seeks to stay his petition while he exhausts several new claims in state court. These claims are as follows: (1) against Petitioner's objections, the district attorney presented a video tape at trial that was a cleaned up version of the original because the original was blurry; (2) a juror was falling asleep during the trial and admitted to taking cold medicine. Petitioner wanted to move for a new jury at the time of sentencing but his appointed counsel refused to do so; (3) Petitioner saw one of the jurors talking to one of the victims/witnesses in the hallway even though the jurors all said they did not know any of the victims or witnesses; (4) during a recess, Petitioner was placed in handcuffs after the jury left, however one of the jurors came back in to the courtroom and saw

Petitioner in the handcuffs; (5) inadequate assistance of trial counsel; and (6) ineffective assistance of appellate counsel for failing to raise issues on appeal and failing to communicate with Petitioner. In his motion, Petitioner claims that he has good cause for not exhausting these claims because he did not know how to seek review in federal court.  Petitioner also asserts that he does not have enough access to the prison law library and that he has a learning disability and must therefore rely on the "kindness of fellow inmates" to assist him with the preparation of his petition.  Petitioner only makes complaints but does not specify how they caused him such a delay in asserting the claims in question.  These alleged obstacles cannot be per se the reason that Petitioner has not exhausted these claims seeing as how he found a way to bring thirteen other claims in his original petition.  Because he has not stated good cause for failing to exhaust these new claims and bring them in the original petition, Petitioner's Rhines argument fails.

Petitioner also cites to the Kelly three-step procedure in his motion to stay. While Kelly does not require good cause, it is at the Court's discretion to allow a petitioner to use the three-step process.  Of the claims mentioned above, three of them are already listed in the original petition: claim (1) is the same as ground 13 in the original petition, claim (3) is the same as ground 12 in the original petition, and claim (5) is the same as ground 10 in the original petition.  It would be against the interest of judicial economy to stay a petition so that more of the same could be exhausted in state court.  As for the remaining claims, claims (2), (4), and (6), they should have been brought to the State's high court with original thirteen claims.  Now that an answer has been filed, it would be particularly cumbersome on the Respondent if the Court were to permit Petitioner to start amending the petition to add claims that were arbitrarily omitted from the original petition.   It is for these reasons that the Court chooses not to exercise its discretion to stay this petition.

**ORDER**

Accordingly, it is hereby ordered that Petitioner's motion to stay is DENIED.

IT IS SO ORDERED.

Dated:   **August 19, 2009**          /s/ **Dennis L. Beck**
UNITED STATES MAGISTRATE JUDGE